I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner & Atty. Gen. ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-3-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC - 3 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN POGOSYAN, <br><br>    Petitioner, <br><br>    vs. <br><br>RANDY GROUNDS, Warden, <br><br>    Respondent. | Case No. CV 12-10065-SVW (JPR) <br><br> ORDER TO SHOW CAUSE |

    On November 26, 2012, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges Petitioner's 2003 sentence following his guilty plea in Los Angeles County Superior Court to manslaughter. Petitioner raises two claims: (1) "Petitioner is now being confined pursuant to an enhancement pursuant to Penal Code 12022.5(A)(1), even though Petitioner did not waive his right to a Jury Trial as to this issue," and (2) Petitioner should have been given credit for 1480 days of custody credits at the time of the sentencing but was only given credit for 851, representing a denial of the right to equal protection of the laws." (Pet. at 5.) Petitioner did not appeal his conviction or sentence. (Pet.

1

1  at 2, 3.)  According to the California Appellate Courts' Case
2  Information website, Petitioner filed a habeas petition in the
3  state supreme court on November 14, 2011.  (See also Pet. at 3-
4  4.)  It was denied on July 25, 2012, with a citation to In re
5  Robbins, 18 Cal. 4th 770, 780 (1998), indicating that it was
6  untimely.  See Thorson v. Palmer, 479 F.3d 643, 644-45
7  (9th Cir. 2007).

8  Under the Antiterrorism and Effective Death Penalty Act of
9  1996 ("AEDPA"), Petitioner had one year from the date his
10 conviction became final in which to file a federal habeas
11 petition.  See 28 U.S.C. § 2244(d).  That statute provides:

12     (1)  A 1-year period of limitation shall apply to an
13     application for a writ of habeas corpus by a person in
14     custody pursuant to the judgment of a State court.  The
15     limitation period shall run from the latest of--

16         (A) the date on which the judgment became
17         final by the conclusion of direct review or the
18         expiration of the time for seeking such review;

19         (B) the date on which the impediment to
20         filing an application created by State action in
21         violation of the Constitution or laws of the United
22         States is removed, if the applicant was prevented
23         from filing by such State action;

24         (C) the date on which the constitutional
25         right asserted was initially recognized by the
26         Supreme Court, if the right has been newly
27         recognized by the Supreme Court and made
28         retroactively applicable to cases on collateral

>    review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final in early 2004, after the 60 days for filing a notice of appeal had expired. See Griffin v. Grounds, 472 F. App'x 527, 528 (9th Cir. 2012). Thus, absent some kind of tolling or a later trigger date, Petitioner had until early 2005 to file his federal Petition. He did not file it until late 2012, seemingly seven and a half years late.

As to ground one of the Petition, Petitioner seems to claim that he is entitled to a later trigger date under § 2244(d)(1)(C) or (D) because he did not recognize his rights until they were "clarified by the United States Supreme Court in Cunningham v California, 549 US 270 (2007)." (Pet. at 3; see also Pet. attach. at ii.) Even if that were true and provided a basis for a later trigger date, Petitioner's Petition would still be more than four years late given that, as Petitioner notes, Cunningham was decided in 2007, in late January.

Because Petitioner did not file any state habeas petition until 2011, he is not entitled to any statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the

1 | limitations period that has ended before the state petition was
2 | filed," even if state petition was timely under state law). In
3 | addition to statutory tolling, under certain circumstances, a
4 | habeas petitioner may be entitled to equitable tolling. See
5 | Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L.
6 | Ed. 2d 130 (2010). But he must show that (1) he has been
7 | pursuing his rights diligently and (2) "some extraordinary
8 | circumstance stood in his way." See Pace v. DiGuglielmo, 544
9 | U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).
10 | Petitioner seems to claim entitlement to equitable tolling
11 | for the following reasons:

> This Petitioner's Application did not become timely until the expiration of his base term which, as indicated, occurred on July 28 of this year. It should be noted, however, that prior to that time and throughout the years 2000 until recently the California Supreme Court and California Authorities continue to assert that no jury trial was required to establish a violation of the enhancement of Penal Code 12022.5(A)(1). This resistance and indifference to the Due Process Clause of the United States Constitution was manifested in People v Black 35 Cal 4th 1238 (2005) and in Cunningham itself. Therefore, California Case Authority itself operated to prevent the Petitioner from pursuing his rights prior to the filing of his Petition in the California Supreme Court.

(Pet. attach. at iii.)

This explanation provides no basis for equitable tolling, because it does not explain why Petitioner could not have raised

his claims at least as early as Cunningham was decided. It is of no moment when the sentence on his underlying conviction, without the enhancement, expired; he knew of his claim at least as of 2007 and, under the law, most likely at the time he was sentenced. Those are the operative dates under § 2244(d). Thus, there appears to be no basis for tolling the limitation period.

One of Petitioner's two claims also appears to be unexhausted. (See Pet. at 5-6 (conceding that he has not raised ground two, challenging the calculation of his custody credits, in the state court of appeal or supreme court.) Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 133 S. Ct. 424 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).

A federal court may raise the failure-to-exhaust issue sua

---

[1] A habeas petition "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987); Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).[2] A district court also has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **December 27, 2012**, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed because it is untimely and because Petitioner has failed to exhaust his state remedies as to each of his claims. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that (1) he has

---

[2] In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust an unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) the petitioner must show good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. Petitioner has offered no explanation for why he did not earlier exhaust his custody-credits claim in state court.

been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." If Petitioner can show that the Petition is timely and he seeks a stay of these proceedings in order to exhaust his unexhausted claim in state court, he must show that he can satisfy the three <u>Rhines</u> requirements.

Plaintiff is advised that his failure to timely comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: <u>December 3, 2012</u>

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE